# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JASON SELIGMAN**, | ) |
| Plaintiff, | ) Case No. 7:04CV00044 |
| v. | ) **OPINION** |
| **DAVID I. TENZER, ET AL.**, | ) By: James P. Jones |
| Defendants. | ) Chief United States District Judge |

In this legal malpractice action, I will grant summary judgment in favor of the defendants.

The plaintiff Jason Seligman claims that the defendant David I. Tenzer, an attorney with the defendant law firm of Glenn, Feldman, Darby & Goodlatte, P.C., caused him economic harm during the process of converting a business in which Seligman had an interest from a limited liability company to a stock corporation. Subject matter jurisdiction in this court is based on diversity of citizenship and amount in controversy. 28 U.S.C.A. § 1332(a) (West 1993 & Supp. 2004).

Following discovery, the defendants have moved for summary judgment in their favor, claiming among other things, that Seligman is unable to establish that he and Tenzer had an attorney-client relationship, or that even if they did, Seligman is unable to show a breach of the applicable standard of care. In addition, the

defendants contend that Seligman is unable to prove that he suffered damages proximately caused by any alleged negligence on Tenzer's part. The motion has been briefed and argued and is ripe for decision.

Summary judgment is appropriate when there is "no genuine issue of material fact," given the parties' burdens of proof at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see* Fed. R. Civ. P. 56(c). In determining whether the moving party has shown that there is no genuine issue of material fact, a court must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *See Ross v. Communications Satellite Corp.,* 759 F.2d 355, 364 (4th Cir. 1985).

Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual basis." *Id.* at 327. It is the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (internal quotation marks omitted).

For the reasons urged by the defendants, and based on a careful consideration of the entire record, I find that the plaintiff is unable to prove his case. Accordingly, I will grant summary judgment in favor of the defendants.[1]

A final judgment will be entered forthwith.

DATED: June 27, 2005

/s/ JAMES P. JONES
Chief United States District Judge

---

[1] The defendants have also filed a Motion to Exclude Plaintiff's Expert, but in view of my disposition of the case, it is unnecessary for me to decide that motion.

-3-

Case 7:04-cv-00044-JPJ-mfu    Document 79    Filed 06/27/05    Page 3 of 3    Pageid#: 1025